Glenn R. Kantor, SBN 122643
gkantor@kantorlaw.net
Peter S. Sessions, SBN 193301
psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff
Pooran Amon

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POORAN AMON,<br><br>           Plaintiff,<br><br>     vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, RALPH LAUREN BENEFITS PROGRAM,<br><br>           Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |

Plaintiff Pooran Amon herein sets forth the allegations of her Complaint against Defendants Metropolitan Life Insurance Company and Ralph Lauren Benefits Program.

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is

predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under an employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2. Plaintiff was at all times relevant an employee of the Ralph Lauren Corporation and a resident in Los Angeles County, State of California.

3. Plaintiff is informed and believes that Defendant Ralph Lauren Benefits Program ("LTD Plan" or "the Plan") is an employee welfare benefit plan regulated by ERISA, established by Ralph Lauren Corporation, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to Long Term Disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

4. Plaintiff is informed and believes that Defendant Metropolitan Life Insurance Company ("MetLife") is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. MetLife is the insurer of benefits under the LTD Plan. Plaintiff is further informed and believes that MetLife was responsible, in whole or in part, for administration of the LTD Plan, and acted in the capacity of a plan administrator of the LTD Plan. MetLife administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. Plaintiff is informed and believes that her employer funded its LTD Plan via the purchase of a group LTD policy from MetLife.

6. Plaintiff is informed and believes that MetLife identifies the group LTD policy it issued to the Plan as Group No. 117365-1-G (the "Policy").

7. Defendants can be found in this judicial district and the LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

## FIRST CLAIM FOR RELIEF
## AGAINST DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND RALPH LAUREN BENEFITS PROGRAM
## FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS
### (29.S.C. § 1132(a)(1)(B))

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by the Ralph Lauren Corporation, and was a covered participant under the terms and conditions of the LTD Plan. The LTD Plan was insured by MetLife, and MetLife was also the LTD Plan claims administrator and made all decisions to pay or deny benefit claims.

10. During the course of Plaintiff's employment, Plaintiff became entitled to LTD benefits under the terms and conditions of the LTD Plan. Specifically, on or about April 9, 2014, Plaintiff ceased work due to her disabling condition. Thereafter, Plaintiff submitted a claim for LTD benefits to Defendant MetLife. Plaintiff is informed and believes that MetLife identified her claim as Claim No. 751408200339. Defendant MetLife approved benefits under the LTD Plan through

May 16, 2018; it thereafter denied the claim for benefits on the ground that Plaintiff's medical condition no longer met the LTD Plan requirements to establish her as disabled. Plaintiff appealed this determination.

11. On May 16, 2019, Defendant MetLife denied Plaintiff's appeal of the denial of her LTD claim. As a result, Plaintiff has exhausted her administrative remedies under the Policy and Plan.

12. Defendants breached the LTD Plan and violated ERISA in the following respects:

    (a) Defendants failed to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

    (b) Defendants failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

    (c) Defendants failed, after Plaintiff's claim was denied, to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary; and

    (d) Defendants failed to properly and adequately investigate the merits of Plaintiff's disability claim and failed to provide a full and fair review of Plaintiff's claim.

13. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in

this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

14. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

15. As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

16. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

17. The wrongful conduct of Defendants has created uncertainty where none should exist, and therefore Plaintiff is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability benefits due Plaintiff up to and including the date of judgment;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and reasonable attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: June 28, 2019

KANTOR & KANTOR, LLP

By: /s/ Peter S. Sessions
Peter S. Sessions
Attorneys for Plaintiff
Pooran Amon

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525